**NOT FOR PUBLICATION**

FEB 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAWAD "JOE" QUASSANI,

    Defendant - Appellant.

</td><td>

No. 14-10035

D.C. No. 2:11-cr-00409-LRH-CWH-1

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted January 13, 2015
San Francisco, California

Before: CLIFTON and NGUYEN, Circuit Judges, and RAKOFF, Senior District Judge.[**]

Jawad Quassani appeals from his jury-trial conviction and 37-month

sentence for mail fraud, wire fraud, and conspiracy to commit mail and wire fraud.

We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Quassani asserts that the Government engaged in improper vouching. Because Quassani did not object at trial to the statements now challenged on appeal, our review is for plain error. *United States v. Dorsey*, 677 F.3d 944, 953 (9th Cir. 2012). The claim fails because there was no error of any kind. The instances of alleged vouching cited by Quassani were either not vouching, not impermissible in light of attacks on the credibility of government witnesses based on the existence of plea bargains, or too inconsequential to have been prejudicial.

Quassani suggests that the Government should have been required to prove materiality as an element of conspiracy under 18 U.S.C. § 1349. Based on this contention, he asserts that there was insufficient evidence of materiality before the jury and that the district court erred when it failed to instruct the jury that materiality was an element of conspiracy under Section 1349. Both of these claims fail because materiality is not a separate element of conspiracy under 18 U.S.C. § 1349.[1] In addition, the materiality instructions that were given regarding the mail and wire fraud counts were not erroneous.

---

[1] *United States v. Saybolt*, 577 F.3d 195 (3d Cir. 2009), on which Quassani relies, is inapposite. In *Saybolt*, the Third Circuit concluded that materiality was an implied element of conspiracy under 18 U.S.C. § 286 because that statute specifically prohibited participation in a "conspiracy to *defraud*." 577 F.3d at 199–204 (emphasis added); *see also* 18 U.S.C. § 286. 18 U.S.C. § 1349, the statute under which Quassani was charged and convicted, includes no such language.

Quassani asserts that reversal is required because the district court erred when it refused to replace one juror with an alternate. The record before the court did not support a claim of actual bias on the part of the juror. The juror explicitly averred that he could be impartial and the district court did not abuse its discretion in accepting that statement. There was no implied bias because the relationship at issue here did not represent one of those "extraordinary cases," *United States v. Gonzalez*, 214 F.3d 1109, 1112 (9th Cir. 2000) (quotation omitted), in which "an average person in the position of the juror in controversy would be prejudiced." *Id.* (quotation omitted) (emphasis omitted). Nor was there ground for a claim under *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548 (1984), based on the failure of a juror "to answer honestly a material question on *voir dire*." *Id.* at 556. Although the juror and the Assistant United States Attorney characterized their relationship differently, the difference was not remarkable and was not necessarily indicative of juror dishonesty. "Whether a juror is dishonest is a question of fact" reviewable for clear error, *Fields v. Brown*, 503 F.3d 755, 767 (9th Cir. 2007) (en banc), and the district court's determination on this issue was not clearly erroneous.

The district court did not impermissibly presume that the Sentencing Guidelines range was reasonable or give inappropriate weight to the Guidelines.

3

Rather, the district court correctly used the Guidelines as "the starting point and the initial benchmark," *Gall v. United States*, 552 U.S. 38, 49 (2007), and then gave appropriate consideration to the other § 3553(a) factors as well.

The district court did not err when it determined that Quassani was not entitled to a two-level downward adjustment in the offense level as "a minor participant in any criminal activity." U.S. SENTENCING GUIDELINES MANUAL § 3B1.2(b) (2014). The record indicates that Quassani played an important role in the scheme. This evidence is sufficient to support the district court's finding that no "minor participant" adjustment was merited.

Quassani also challenges the district court's amount-of-loss determination. In this context, "[a] district court's method of calculation is reviewed *de novo* while the determination of the amount is reviewed for clear error." *United States v. Ali*, 620 F.3d 1062, 1073 (9th Cir. 2010). Quassani suggests that the district court, in calculating the loss, should have relied on two "credit bids" entered by the lenders on the two properties involved. It was not error to decline to take those bids into account, however. *See generally United States v. Yeung*, 672 F.3d 594, 604 (9th Cir. 2012), *abrogated in part on other grounds by Robers v. United States*, 134 S.Ct. 1854 (2014) (explaining that "[a] lender's credit bid may not reflect the value of the collateral in all circumstances," such as in a circumstance where the

4

"credit bid [is] based on [a] fraudulently inflated loan amount" (quotation omitted)).

Quassani challenges the ordered forfeiture. Federal criminal forfeiture law "mandates that a defendant forfeit a very specific amount—the proceeds of his criminal activity." *United States v. Casey*, 444 F.3d 1071, 1076 (9th Cir. 2006). "For purposes of criminal forfeiture, the 'proceeds' of a fraudulently obtained loan equal the amount of the loan." *United States v. Newman*, 659 F.3d 1235, 1244 (9th Cir. 2011). The district court has no discretion to lower this amount, *id*. at 1240, and the Government was not under an obligation to trace the proceeds of the crime. Quassani's suggestion that 18 U.S.C. § 981(a)(2)(C) entitles him to a reduction in the forfeiture amount is also unavailing, because that provision is not applicable to him.

We decline to consider Quassani's ineffective assistance of counsel on direct appeal. "As a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal." *United States v. Moreland*, 622 F.3d 1147, 1157 (9th Cir. 2010). Although we may review an ineffective assistance claim "when the record on appeal is sufficiently developed to permit review and determination of the issue, or . . . when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel," *United States v. Ross*,

5

206 F.3d 896, 900 (9th Cir. 2000) (quotation marks omitted), neither of these two narrow exceptions applies here. The current record is silent, for example, as to the reasons that trial counsel may have had for taking the actions he did.

Finally, because we conclude there was no error committed by the district court, Quassani's claim of cumulative error also necessarily fails. *United States v. Jeremiah*, 493 F.3d 1042, 1047 (9th Cir. 2007).

**AFFIRMED.**